SHARON L. PRESTON (UT #7960)
PRESTON & BRAR, LLC
*Attorneys at Law*
670 East 3900 South, Suite 101
Salt Lake City, UT 84107
Phone: (801) 269-9541
Email: sharon@prestonbrar.com

___

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>LATROI DEVON NEWBINS,<br><br>Defendant. | **DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Case No. 2:24-cr-00035-DS-1<br><br>Judge: Judge: Hon. David Sam |

Defendant, through counsel, requests that he be sentenced to time served, and ordered, as part of supervised release, to be released to Valley Mental Health Steps program, which is a residential treatment program. The Steps residential program with Valley Mental Health which is a mental health program that addresses substance abuse.

Defendant has currently been detained for approximately 11 months. In addition to the time served in pretrial custody, it is believed that Defendant will be returned to BOP's custody for another year because of loss of "good time" in his original case.

### ARGUMENT

As an initial benchmark, this Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Mr. Hackney concedes that the guideline calculation in the PSR is correct. However, a trial court

1

should not presume that the guideline range is the correct sentence but should instead "impose a sentence sufficient, but not greater than necessary to comply with the purposes" outlined in 18 U.S.C. § 3553(a). See *Gall* at 596-97 and 18 U.S.C. § 3553(a). In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed –
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established [by the Guidelines]...;

(5) Any pertinent policy statement [issued by the Sentencing Commission] …;

(6) The need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

In the instant case, both the circumstances of the offense, and the history and characteristics of the Defendant are set forth in accurately in the Presentence Report. The totality of circumstances, and the goals of sentencing, support a sentence of time served.

This case involved a situation where the Defendant went out to investigate a disturbance in front of his apartments. He saw his cousin's car and approached his cousin. With the police observing, his cousin thrust the gun into Defendant's jacket, and Defendant took the gun and walked away toward the apartments, briefly ignoring police commands to stop. The main thing counsel would like to emphasize is that there was no planning or forethought (about the

circumstances of the crime).

The question here is primarily: what prison sentence in this case, is sufficient, and not more than necessary. Defendant respectfully asserts that the low end of the guildeline range is sentence of 15 months and he has served approximately 11 months. Sentence of more imprisonment than time he has served will not advance the interests of society (deterrent, retribution), nor provide any better treatment than in-patient treatment at Valley Mental Health (either immediately or after the additional time imposed by BOP).

## **CONCLUSION**

For the reasons discussed above, Mr. Newbins respectfully requests that the Court sentence him to a sentence of time served (approximately 11 months).

DATED this 16th day of November 2024.

                                                  Respectfully Submitted,

                                                  /s/Sharon Preston
                                                  Sharon Preston
                                                  Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2024, I served a true and correct copy of the foregoing through e-filing on the following:

Michael J. Thorpe
US Attorney's Office
111 S Main Street, Suite 1800
Salt Lake City, UT 84111-2176

/s/Sharon Preston
SHARON PRESTON
*Attorney for Defendant*